UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KARA TESORIERO and KRISTA TESORIERO,

                       Plaintiffs,

    -against-

SYOSSET CENTRAL SCHOOL DISTRICT
and THOMAS CASEY,
                       Defendants.
-----------------------------------------------------------------X

**PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT SYOSSET CENTRAL SCHOOL DISTRICT**

Civil Case No. 02-CV-4348
(DRH/WDW)

      **PLEASE TAKE NOTICE**, that Plaintiffs Kara Tesoriero and Krista Tesoriero, by its attorneys, William H. Englander, P.C. and Jaspan Schlesinger Hoffman LLP hereby requests that Defendant SYOSSET CENTRAL SCHOOL DISTRICT produce the following documents at the offices of Jaspan Schlesinger Hoffman LLP, 300 Garden City Plaza, Garden City, New York 11530, and permit plaintiffs, their attorneys or representatives to inspect and copy the following documents pursuant to Rule 34 of the Federal Rule of Civil Procedure within thirty (30) days after service of this request.

## DEFINITIONS

      Unless specifically indicated, or otherwise required by the context in which the terms, names and instructions are used, the following definitions and instructions shall be applicable herein:

      1.     The term "plaintiffs" shall mean Kara Tesoriero and Krista Tesoriero, the plaintiffs in this action.

      2.     The term "defendant" or "you" or "your" shall mean Syosset Central School District, the defendant in this action, or any predecessor or successor in interest during any period of time

referred to in the complaint and through the date of the answering of these interrogatories, or any of its officers, agents or employees acting within the scope of their actual, implied or apparent authority.

3. The term "Casey" shall mean the second named defendant in this action, Thomas Casey, or any predecessor or successor in interest during any period of time referred to in the complaint and through the date of the answering of these interrogatories.

4. The term "School District" shall mean Syosset Central School District, the defendant in this action, or any predecessor or successor in interest during any period of time referred to in the complaint and through the date of the answering of these interrogatories, or any of its officers, agents or employees acting within the scope of their actual, implied or apparent authority.

5. The term "document" is used in the broadest sense and includes all writings of every nature whatsoever and all tangible things from which information can be derived, transcribed or processed, whether printed, recorded, filmed or reproduced by any other mechanical or electronic process, or written or produced by hand and whether an original, master or copy. The term includes, but is not limited to, canceled checks, credit slips, letters, correspondence, tapes, recordings, cablegrams, radiograms, telegrams, contracts, agreements, communications, diaries, ledgers, journals, invoices, receipts, memoranda, logs, notes, records of telephone or personal conversations, records of meetings and conferences including lists of persons attending meeting or conferences, work papers, books, records, charts, plans, sketches, forms, reports, digests, and schedules, summaries of investigations, opinions and reports of consultants, statements of provenance, certificates of authenticity, sales records, including purchase orders, bills, receipts and invoices, reports and summaries of negotiations, brochures, pamphlets, catalogs and catalog sheets, advertisements, circulars, press, publicity and computer disks, in the possession, custody or control

of the party to whom this request is directed or its attorneys. The term also includes any drafts of such items.

6. The term "concerning" means relating to, referring to, describing, evidencing, constituting, supporting, located in, considered in connection with, bearing, baring on, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, reflecting, analyzing, constituting and being.

7. The term "correspondence" is defined to include any communication in written form including, but not limited to, letters, telegrams, telexes and electronic mail.

8. The term "memoranda" is defined to include any written record of a transaction or event or outline of a contemplated transaction or event including, but not limited to, an informal record or note of something sought to be remembered or preserved for future use.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word includes the plural and vice versa.

11. "All" and "each" shall be construed as all and each.

12. "Identify" when used with reference to a document means to state: (a) the type of document; (b) the date of the document; (c) the name and relationship to plaintiff of the author(s) of the document;(d) the name and relationship to plaintiff of the addressee(s) and/or recipient(s) of the document; (e) the signer(s) of the document, if different than the author(s); and (f) the length of the document.

13. "Identify" when used with reference to a natural person means to provide the person's (a) full name; (b) present and/or last known address; (c) present and/or last known place and address of employment; and (d) present and/or last known occupation.

## INSTRUCTIONS

1. This request is a continuing one pursuant to which the recipient is required to make further or supplemental production of responsive documents obtained, discovered or otherwise coming into the possession, custody or control of the recipient between the date of initial production and any time thereafter, including the time of trial.

2. Produce each document in the form and condition in which it exists on the date of service of this request, with all comments, notes, remarks or other material that may have been added to the document after its initial preparation.

3. All responsive documents shall be produced either as they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories in this Notice.

4. Where an objection is made to any document request, the objection shall state with specificity all grounds for the objection.

5. Where a claim of privilege is asserted in objecting to any document demand or subpart thereof, and a document is not provided on the basis of such assertion, please specify the privilege invoked and identify each document as follows:

    (a) the type of document (e.g., letter, memorandum, handwritten notes, etc.);

    (b) the date of the document;

    (c) the title of the document:

 (d) the author of the document and the names of any other persons who participated in the preparation of the document;

 (e) the addressee of the document and the names of any other recipients of the document;

 (f) the subject matter of the document;

 (g) the number of pages in the document;

 (h) the present custodian and present location of the document; and

 (i) a statement of the facts constituting the basis for withholding the document.

6. If any request for documents is deemed to call for the production of documents which have been lost, destroyed or discarded, an inventory of such documents is to be furnished containing the following information:

 (a) the type of document (e.g., letter, memorandum, handwritten notes, etc.);

 (b) the date of the document;

 (c) the title of the document:

 (d) the author of the document and the names of any other persons who participated in the preparation of the document;

 (e) the addressee of the document and the names of any other recipients of the document;

 (f) the subject matter of the document;

 (g) the number of pages in the document;

 (h) the date on which the document was lost, destroyed or discarded;

 (i) the manner in which the document was lost, destroyed or discarded;

(j)     the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction or discarding; and

(k)     the reason for the loss, destruction or discard of the document.

## DOCUMENT REQUESTS

1.     Copies of any and all agreements and contracts entered into between defendant Casey and the School District.

2.     A copy of Thomas Casey's complete personnel file.

3.     All documents, correspondence, memoranda, and notes memorializing all complaints, comments, and critiques of whatever nature about Thomas Casey's performance of his duties, relationships with students and conduct as a teacher.

4.     Any and all documents memorializing disciplinary action taken by the School District against Thomas Casey.

5.     All documents, correspondence, memoranda, and notes prepared by defendant in connection with plaintiffs' Notice of Claim.

6.     All documents, correspondence, memoranda, and notes which identify all individuals associated with the School District who have relevant information in connection with this action.

7.     All documents, correspondence, memoranda, and notes which relate to how plaintiffs' damages were "sustained" through the "culpable conduct of the plaintiff, including contributory negligence or assumption of risk" as alleged in paragraph 17 of the School District's answer.

8.     All documents, correspondence, memoranda, and notes which corroborate any action taken by the School District in connection with plaintiffs' Notice of Claim.

9. All documents, notes, correspondence and memoranda prepared by defendant, its officers or agents in connection with plaintiffs' Notice of Claim.

10. All documents, notes, memoranda, reports and records prepared by defendant, its officers or agents in connection with any disciplinary action against defendant Casey from the time of his employment with the School District to the present.

11. Copies of all documents which identify any individuals known by the School District to have knowledge in connection with any disciplinary action against defendant Casey from the time of his employment with the School District to the present.

12. All documents, notes, memoranda, reports and records prepared by defendant, its officers or agents in connection with any sexual harassment or sexual discrimination claims against defendant Casey from the time of his employment with the School District to the present.

13. All documents which identify any individuals known by the School District to have knowledge in connection with any sexual harassment or sexual discrimination claims against defendant Casey from the time of his employment with the School District to the present.

14. All documents, notes, memoranda, reports and records within the possession, custody or control of the School District, its officers or agents in connection with any sexual harassment claim, sexual discrimination claim or disciplinary action against defendant Casey from the time of his employment with the School District to the present.

15. All documents, correspondence, memoranda, notes and minutes in connection with any School District meetings concerning this action, the Notice of Claim in this action and the Complaint in this action.

16. Copies of the academic records for plaintiff Kara Tesoriero.

17. Copies of the academic records for plaintiff Krista Tesoriero.

18. Copies of any disciplinary records for Kara Tesoriero.

19. Copies of any disciplinary records for Krista Tesoriero.

20. All documents, correspondence, memoranda and notes pertaining to Kara Tesoriero, including, but not limited to, anecdotal records for the period from January 1998 to the present.

21. All documents, correspondence, memoranda and notes pertaining to Krista Tesoriero, including, but not limited to, anecdotal records for the period from January 1998 to the present.

22. A copy of defendant Casey's job requirements and duties as a teacher employed by the School District.

23. Copies of any and all documents and memoranda which describe the School District's rules, regulations, procedures and policies, with respect to student/teacher relationships.

**PLEASE TAKE FURTHER NOTICE**, that this request for production of documents shall be deemed continuing to the full extent allowed by the Federal Rules of Civil Procedure. If, after making your initial production, you obtain or become aware of any other documents responsive to this request, you are required to produce such additional documents to the plaintiffs within five (5) days after receipt of such information but no later than three weeks before the time of trial or such earlier time as provided for by Order or Individual Rules of Court.

**PLEASE TAKE FURTHER NOTICE**, that your failure to comply herewith will result in an application by the undersigned to the Court for the appropriate relief.

Dated: Garden City, New York
      June 23, 2003

                                        WILLIAM H. ENGLANDER, P.C.
                                        William H. Englander (WE 6416)
                                        Co-counsel for Plaintiff
                                        300 Garden City Plaza
                                        Garden City, New York 11530
                                        (516) 746-8000

                                        JASPAN SCHLESINGER HOFFMAN LLP

By: _____
                                        STEPHANIE P. TAYLOR (ST7997)
                                        Co-counsel for Plaintiff
                                        300 Garden City Plaza
                                        Garden City, NY 11590
                                        (516) 746-8000

TO:    THOMAS F. LIOTTI, ESQ.
Law Offices of Thomas F. Liotti
Attorneys for Defendant
  Thomas Casey
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700

ARTHUR J. SMITH, ESQ.
Baxter & Smith, P.C.
Attorneys for Defendant
  Syosset Central School District
125 Jericho Turnpike, Suite 302
Jericho, New York 11753
(516) 997-7330

LAW OFFICES OF<br>JASPAN SCHLESINGER HOFFMAN LLP

Civil Case No. 02-CV-4348
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KARA TESORIERO and KRISTA TESORIERO,

                Plaintiffs,

   - against -

SYOSSET CENTRAL SCHOOL DISTRICT and
THOMAS CASEY,

                Defendants.

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES and
PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
TO DEFENDANT SYOSSET CENTRAL SCHOOL DISTRICT**

---

**JASPAN SCHLESINGER HOFFMAN LLP**
*Attorneys for Plaintiffs*
300 Garden City Plaza
Garden City, New York 11530-3324
(516) 746-8000

To:                                                              Certified Pursuant to Rule 130-1.1a

*Attorney(s) for*

                                                                Stephanie P. Taylor, Attorney

---

Service of a copy of the within                                                        is hereby admitted.

Dated:                                           ................................................................

                                                              *Attorney(s) for*

---

### PLEASE TAKE NOTICE

| | |
|---|---|
| ___<br>Notice of<br>Entry | *that the within is a (certified) true copy of a*<br>*entered in the office of the clerk of the within named Court on*       2002 |
| ___<br>Notice of<br>Settlement | *that an Order of which the within is a true copy will be presented for settlement to the Honorable*<br>      *, one of the judges of the within named Court,*<br>at<br>on           2002, at    m. |

Dated:

To:
*Attorney(s) for*