```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X  Our File No. 12822DZNKN
In the Matter of the Claims of KARA and
KRISTA TESORIERO, infants by their father
MICHAEL TESORIERO and their mother,
LAURENE TESORIERO, as parents and
Guardians of the infants and in their individual
Capacities,

                          Claimants,         RESPONSE TO PLAINTIFFS'
                                             FIRST SET OF
               - against -                   INTERROGATORIES TO
                                             DEFENDANT SYOSSET
                                             CENTRAL SCHOOL DISTRICT
SYOSSET CENTRAL SCHOOL DISTRICT
and THOMAS CASEY,
                                             Civil case no.: 02-CV-4348
                          Defendants.
------------------------------------------X
```

**1. Identify all individuals associated with the defendant who have relevant information in connection to this action.**

    1. This question is vague and overly broad, but a list of potential witnesses has previously been provided in our first Federal Rule 26A Disclosure.

**2. For each individual identified in the preceding paragraph:**

    (a) Identify the person's name;
        Please see response to number one.

    (b) Identify the person's work address;
        Please see response to number one.

    (c) Identify the person's work telephone number; and
        Please see response to number one.

    (d) Identify the person's title and/or relationship to defendant.
        Please see response to number one.

**3. State with particularity defendant Thomas Casey's hire date.**

    3. January 31, 1983.

**4. Describe with particularity how plaintiffs' damages were "sustained" through the culpable conduct of the plaintiffs, including "contributory negligence or assumption of risk" as alleged in paragraph 17 of defendant's answer.**

4. Culpable conduct of the plaintiffs consist of, but is not limited to, failure to prevent and/or failure to notify school officials as to the alleged inappropriate behavior by Mr. Casey.

**5. Describe with particularity the action taken by defendant Syosset Central School District in connection with plaintiffs' Notice of Claim.**

5. Other than those activities which are privileged, defendant conducted a municipal law 50H hearing and retained counsel and contacted their insurance company.

**6. Identify all documents, notes, correspondence and memoranda prepared by defendant, its officers or agents in connection with plaintiffs' Notice of Claim.**

6. The documents requested herein for this question are privileged.

**7. Identify all documents, notes, memoranda, reports and records prepared by defendant, its officers or agents in connection with any disciplinary action against Thomas Casey from the time of his employment with the School District to the present.**

7. This question is overly broad, unduly burdensome and irrelevant to the issue at hand.

**8. Identify all individuals know by the School District to have knowledge in connection with any disciplinary action against defendant Casey from the time of his employment with the School District to the present.**

8. This request is overly broad, unduly burdensome and irrelevant to this matter.

**9. Identify all documents, notes, memoranda, reports and records prepared by defendant, its officers or agents in connection with any sexual harassment or sexual discrimination claims against defendant Casey from the time of his employment with the School District to the present.**

9. This request is overly broad, unduly burdensome and irrelevant to this matter.

**10. Identify all individuals known by the School District to have knowledge in connection with any sexual harassment or sexual discrimination claims against defendant Casey from the time of his employment with the School District to the present.**

10. This request is overly broad, unduly burdensome and irrelevant to this matter.

**11. Identify all documents, notes, memoranda, reports and records within the possession, custody or control of the School District, its officers or agents in connection with any sexual harassment claim, sexual discrimination claim or disciplinary action against defendant Casey from the time of his employment with the School District to the present.**

11. This request is overly broad, unduly burdensome and irrelevant to this matter.

**12. Provide a detailed description of defendant Casey's job duties as a teacher employed by the School District.**

12. There is no particular job description for each individual teacher that is employed by defendant.

**13. State with particularity defendant' rules, regulation, procedures or policies, if any, with respect to student/teacher relationships.**

13. Attached you will find the student/parent handbook for the year 2000-2001 and the sexual harassment pamphlet "Stop Sexual Harassment."

Dated: Jericho, New York
September 5, 2003

By: _____
ARTHUR J. SMITH, ESQ.
BAXTER & SMITH, P.C.
Attorneys for Defendant
SYOSSET CENTRAL SCHOOL DIS.
125 Jericho Turnpike, Suite 302
Jericho, New York 11753
(516) 997-7330

TO: WILLIAM H. ENGLANDER, P.C.
Attorneys for Plaintiff
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

JASPAN SCHLESINGER HOFFMAN, LLP
Attorneys for Plaintiffs
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

LAW OFFICES OF THOMAS LIOTTI
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700