

Since 1946

# JASPAN SCHLESINGER HOFFMAN LLP

ATTORNEYS AT LAW

300 GARDEN CITY PLAZA • GARDEN CITY, NEW YORK 11530
TELEPHONE 516-746-8000 • FAX 516-393-8282
www.jshllp.com

**LAUREL R. KRETZING**
Partner
lkretzing@jshllp.com

**DELAWARE OFFICE**
1201 N. ORANGE ST.
SUITE 1001
WILMINGTON, DE 19801
TELEPHONE 302-351-8000
FAX 302-351-8010

October 2, 2003

**VIA FEDERAL EXPRESS**
Honorable William D. Wall, U.S.M.J.
United States District Court for the
 Eastern District of New York
Long Island Federal Courthouse
200 Federal Plaza
Central Islip, New York 11722

> Re: Tesoriero et al v. Syosset Central Sch. Dist. And Thomas Casey
> <u>02-CV-4348 (DRH)(WDW)</u>

Dear Magistrate Judge Wall:

This firm represents the plaintiffs Kara and Krista Tesoriero in the above-referenced matter.

I make this letter application seeking an Order compelling defendants Syosset Central School District ("School District") and Thomas Casey ("Casey") (collectively "Defendants") to provide responses to plaintiffs' discovery demands pursuant to Fed. R. Civ. P. 37. By way of background, this action involves plaintiffs' claims of sexual harassment and discrimination by defendant Thomas Casey, a high school teacher at the School District. While plaintiffs were students in Casey's junior history class during the 2000-2001 school year, they experienced an ever escalating series of inappropriate conducts of which the School District had knowledge. The School District failed to remove Mr. Casey from the classroom until September 10, 2001. This action is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1671 *et seq.* and violations of the New York State Human Rights Law, § 296 *et seq.*

On June 24, 2003, plaintiffs served Interrogatories and Demands for the Production of Documents upon Defendants. A copy of Plaintiffs' First Set of Interrogatories and Request for the Production of Documents to the Defendant School District are annexed hereto as Exhibits A" and "B", respectively. On September 5, 2003, defendant School District provided its responses to the plaintiffs' demands but failed to provide a single document or piece of substantive information. The School District's Responses to Interrogatories and Demand for the Production of Documents are annexed hereto as Exhibits "C" and "D", respectively. The School District's responses are incomplete, unresponsive and intended to frustrate plaintiffs' ability to obtain discoverable information.

### Mr. Casey's Complete Personnel File

Plaintiffs demanded production of the complete personnel file of defendant Thomas Casey (Plaintiffs' Request for Production of Documents No. 2). The School District acknowledges that it is in possession of the personnel file but refuses to produce the contents therein until Mr. Casey's counsel provides an authorization granting the School District permission to release those records. Attempts to secure the necessary authorization have been fruitless as Thomas Liotti, Esq., Mr. Casey's counsel, has

JASPAN SCHLESINGER HOFFMAN LLP
ATTORNEYS AT LAW

Hon. William D. Wall, U.S.M.J.
October 2, 2003
Page -2-

apparently not provided the School District with the authorization.

Plaintiffs respectfully request that the Court directs the School District to produce Mr. Casey's complete personnel file as its contents are relevant to the issues raised in this in litigation.

### School Districts' Responses to Plaintiffs' First Set of Interrogatories Nos. 7 - 11:

Plaintiffs further seek information relating to disciplinary action taken against defendant Casey, who, upon information and belief, was suspended by the School District subsequent to September 10, 2001, as a result of the actions alleged in this complaint. The School District presumably conducted some sort of fact finding or investigation as a predicate to the suspension or a subsequent disciplinary hearing. Plaintiff also seeks further information pertaining to similar complaints that may have been brought against Mr. Casey during his employ with the School District. Plaintiffs are entitled to this information which is relevant not only to the claims asserted against Casey but are necessary for the title claim and the negligent hire and retention claim against the School District. The School District is the only party with this information in its possession and the School District must provide responses.

Rather than answering the interrogatories or providing documents in lieu of answers, the School District responded to each of the interrogatories as follows: "This request is overly broad, unduly burdensome and irrelevant to this matter." These responses are without basis and the School District must provide the information sought with regard to this complaint and similar complaints against Mr. Casey.

### School District's Response to Document Demand Nos. 3, 4, 11, 13-14

In conjunction with the aforementioned interrogatories, plaintiffs' demanded the production of all documents relating to "complaints, comments, and critiques of whatever nature about Thomas Casey's performance of his duties, relationships with students and conduct as a teacher" (Demand No. 3) and "disciplinary action taken by the School District" against him (Demand No. 4). The School District again refused to produce any documents and merely responded that the requests are "overly broad and unduly burdensome and irrelevant to this matter". These responses are inadequate and compliance with the discovery rules is required as plaintiffs are entitled to the production of all documents germane to Mr. Casey's conduct and any and all disciplinary action taken against him by his employer.

In Demands Nos. 11, 13-14, plaintiffs demand documents that identify individuals known by the School District with knowledge of disciplinary action taken against Casey (Demand No. 11); individuals with knowledge of sexual harassment and sexual discrimination claims against Casey (Demand No. 13); and the documents in the possession, custody or control of the School District in connection with sexual harassment claim(s), sexual discrimination claim(s) and disciplinary action against Casey from the time of his employment with the School District to present (Demand No. 14). The School District again responded without basis that these demands are "overly broad and unduly burdensome and irrelevant to this matter". Plaintiffs are also entitled to view these documents to establish their claims. The School District should be compelled to produce the documents.

**JASPAN SCHLESINGER HOFFMAN LLP**
ATTORNEYS AT LAW

Hon. William D. Wall, U.S.M.J.
October 2, 2003
Page -2-

**Privileged Documents**

In addition, the School District claims in response to Interrogatory No. 6 and Document Demands 8, 9 and 15 (which seek notes prepared by the School District in connection with plaintiffs' Notice of Claim and all documents related to same) that the documents requested are "privileged". The School District failed to provide a privilege log, and Plaintiffs demand one as required by the Federal Rules.

On September 24, 2003 and October 1, 2003 I spoke with William Boltreck of Baxter & Smith in an attempt to resolve this matter amicably but have been unable to do so. I advised Mr. Boltreck that plaintiff has yet to be provided with a single document from the School District. He advised me that certain documents consisting of plaintiff's student files and the School District's sexual harassment policy should have been included along with the School District's written responses but were apparently inadvertently omitted. I have yet to receive even these documents.

It is respectfully requested that the Court Order revised responses to interrogatories and production of the above documents on or before October 17, 2003. We have a December 9, 2003 discovery cut off date and it is fruitless and a waste of resources to proceed with depositions until plaintiff has been supplied with the relevant information on which to proceed with the examinations.

Respectfully submitted,

LAUREL R. KRETZING (LK 8812)

LRK/jlr
cc:  Thomas F. Liotti, Esq.
     **Via Federal Express**

     Arthur J. Smith, Esq.
     **Via Federal Express**

SLU/D338353v1/F037879