10/28/2003 17:48 FAX 516294⎯⎯⎯  JSH LLP 3175                                 ☒005/009
OCT-16-2003 11:42    U.S. DISTRICT COURT              6317125725    P.02/04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KARA TESORIERO and
KRISTA TESORIERO,
              Plaintiffs,

                                    **ORDER**
                                    CV 02-4348 (DRH) (WDW)

-against-

THOMAS CASEY,
              Defendant,

and SYOSSET CENTRAL SCHOOL DISTRICT,
              Defendant and Cross-Claimant,

-against-

THOMAS CASEY,
              Cross-Defendant.
----------------------------------------------------------X
WALL, Magistrate Judge:

      Before the court is a letter motion dated October 2, 2003 from plaintiffs, who seek to compel responses to document demands and answers to interrogatories from the defendant School District, which opposes the motion. 12/10/03 Kretzing Letter. For the reasons set forth herein, the motion is granted.

**Thomas Casey's Personnel File:**

      The School District refused to produce defendant Thomas Casey's personnel file until an authorization was received from Casey. In his letter opposing the plaintiffs' motion, Mr. Smith, the School District's attorney, stated that he had received the authorization and had served a supplemental response to the document demand that included the personnel file. 10/8/03 Smith Letter at 2. Thus, this part of the motion is moot.

**Responses to Interrogatories 7-11:**

      In their First Set of Interrogatories, the plaintiffs sought information relating to disciplinary action taken against Casey pertaining to this action or earlier complaints. *See* Ex. A

10/16/2003 THU 11:45 [TX/RX NO 8319] ☒002

to Kretzing Letter. Interrogs. 7-11. The District responded that the request was "overly broad, unduly burdensome and irrelevant to this matter." *See* Ex. C to Kretzing Letter, Responses 7-11. In its opposition to this motion, the District justified these objections, stating that its "responses are not without a basis and some of the information that the plaintiffs are requesting is privileged." Smith Letter at 2. The court does not agree. The objections are nothing more than an effort to avoid disclosure. Absolutely no "basis" for them has been provided to the court; no privilege was referenced in the responses; and no privilege log, as required by Local Civil Rule 26.2 and Federal Rule of Civil Procedure 26(b)(5), was provided. Thus, any privilege that might have applied has been waived. *See Large v. Our Lady of Mercy Med. Ctr.*, 1998 U.S. Dist. LEXIS 1702, at *11 (S.D.N.Y. 1998) (privilege not properly asserted is waived).

The same is true as to any other objections that might have applied but were not stated in the response. Rule 33(4) provides that all grounds for objections to an interrogatory must be stated with specificity, and any ground "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." *See also Burda Media, Inc. v. Blumenberg*, 1999 U.S. Dist LEXIS 9240, at *14 (S.D.N.Y. June 21, 1999). The District is ordered to produce the documents within ten days of the date of this order.

**Document Demands 3,4,11,13 & 14:**

In conjunction with the interrogatories, the plaintiffs demanded the production of all documents relating to "complaints, comments, critiques of whatever nature about Thomas Casey's performance of his duties, relationships with students and conduct as a teacher" (Demand No. 3) and "disciplinary action taken by the School District" against him (Demand No. 4). *See* Ex. B to Kretzing Letter, Demands 3&4. The District refused to produce any documents responsive to these demands on the ground that the demands were "overly broad, unduly burdensome and

2

irrelevant to this matter." *See* Ex. D to Kretzing Letter, Responses 3&4.

In numbers 11, 13 and 14, the plaintiffs demanded documents that identify individuals known by the District to have knowledge of disciplinary action taken against Casey (Demand No. 11), individuals with knowledge of sexual harassment and sexual discrimination claims against Casey (Demand No. 13), and the documents in possession or control of the District relating to sexual harassment claim(s), sexual discrimination claim(s), and disciplinary action against Casey from the time of his employment with the District to the present (Demand No. 14). Once again, the District refused to produce any documents responsive to these demands on the ground that the demands were "overly broad, unduly burdensome and irrelevant to this matter." *See* Ex. D to Kretzing Letter, Responses 11, 13 &14.

These responses are not, as the District urges, "legally reasonable responses" to the demands, but efforts to evade discovery. As with the interrogatory responses, no privilege has been asserted or logged, and any unasserted privilege is waived. The District shall produce the documents within ten days of the date of this order.

Dated: Central Islip, New York  
      October 16, 2003

SO ORDERED:



WILLIAM D. WALL  
United States Magistrate Judge