

Since 1946

**LAUREL R. KRETZING**
Partner
lkretzing@jshllp.com

# JASPAN SCHLESINGER HOFFMAN LLP
ATTORNEYS AT LAW

300 GARDEN CITY PLAZA • GARDEN CITY, NEW YORK  11530
TELEPHONE 516-746-8000 • FAX 516-393-8282
www.jshllp.com

**DELAWARE OFFICE**
1201 N. ORANGE ST.
SUITE 1001
WILMINGTON, DE 19801
TELEPHONE 302-351-8000
FAX 302-351-8010

December 19, 2003

**HAND DELIVERY**
Honorable William D. Wall, U.S.M.J.
United States District Court for the
   Eastern District of New York
Long Island Federal Courthouse
200 Federal Plaza
Central Islip, New York 11722

   Re:   Tesoriero et al v. Syosset Central Sch. Dist. and Thomas Casey
         **02-CV-4348 (DRH)(WDW)**

Dear Magistrate Judge Wall:

   As you know, I am the attorney for the plaintiffs in the above-captioned action. I make this application to compel discovery and related relief pursuant to Fed. R. Civ. P. 37. I have engaged in extensive good faith efforts to resolve the dispute outlined below cooperatively; I have made every effort to avoid the necessity for this application. I have discussed this matter personally with Arthur J. Smith and Thomas Liotti as well as representatives of their offices on numerous occasions. My written communications in this regard are annexed hereto collectively as Exhibit A. My letter to the Court dated November 20, 2003, which outlines the facts of this case in some detail, is annexed as Exhibit B.

   As you may recall, by letter application dated October 2, 2003, I moved to compel production of certain "documents in the possession, custody or control of the School District in connection with sexual harassment claim(s), sexual discrimination claim(s) and disciplinary action against Casey from the time of his employment with the School District to present"(Plaintiff's First Document Demand No. 14). The application was granted by endorsed Order dated October 16, 2003 (a copy of the October 16, 2003 Order is annexed as Exhibit "C") .

   The School District subsequently produced, some but not all of the documents in their possession that was covered by this Order. Crucially, despite the Court's Order, they continued to withhold documents evidencing the disciplinary action, the charges and the investigation leading up

**JASPAN SCHLESINGER HOFFMAN LLP**
ATTORNEYS AT LAW

Hon. William D. Wall, U.S.M.J.
December 19, 2003
Page 2

to the charges which the School District preferred against Casey as a result of the conduct alleged in the complaint.

On November 18th I deposed Dr. Jeffrey Streitman who is the School District Deputy Superintendent in charge of teacher discipline and the person that investigated this matter on behalf of the School District which resulted in formal charges against Casey. Dr. Streitman acknowledged that he maintains a file on disciplinary matters pertaining to Casey that was not produced. He further acknowledged that charges were issued and contained in his file, along with other fact-finding material such as an interview with Casey and other School District witnesses. Mr. Smith directed Dr. Streitman not to respond to any further questions about his investigation. Interestingly, Dr. Streitman's testimony did reveal that the two documents listed on the School District's privilege log were not prepared by Dr. Streitman in connection with litigation but as part of his investigation into whether Casey should be disciplined as the result of his conduct with respect to the Tesoriero girls and include statements made by Casey. These documents are not privileged and should have been produced (See pp. 50-57 of Exhibit F and Exhibit G).

The purported explanation for non-production and the directions not to answer questions about these documents was that records with respect to a teacher disciplinary action are confidential. As you recall we engaged in additional motion practice, the outcome of which was a direction from the Court to negotiate and enter into a Confidentiality Stipulation to be so-ordered. The Confidentiality Stipulation was negotiated between counsel and so-ordered by the Court on December 9, 2003 (Exhibit D). At Mr. Liotti's request all "telephone records, employment records, education records, disciplinary records, charges of alleged misconduct and the Settlement and Side Agreements previously produced" are covered by the Agreement.

I hoped that the Confidentiality Stipulation and Order would resolve this issue. It has not. As detailed in the correspondence, Mr. Liotti continues to with hold his consent and the School District continues to with hold the documents. Mr. Liotti has also failed to produce any documents in response to a separate demand, served on him on November 14, 2003 (Exhibit E), which seeks many of the same documents plus some additional documents, such as his telephone, including cell phone records. I seek production of those documents as well (except for Mr. Casey's psychotherapy records, the request for which I will withdraw without prejudice pending production of any such records provided to the School District, as to those documents, any medical privilege has been waived).

JASPAN SCHLESINGER HOFFMAN LLP
ATTORNEYS AT LAW

Hon. William D. Wall, U.S.M.J.
December 19, 2003
Page 3

    While Mr. Liotti has not refused to consent to the production of the School District documents or the documents requested in the November 14th document demand (except for his psychotherapy records) the inaction of his office in the face of the upcoming discovery deadline dictates that I make this application now.

    As noted above, Mr. Smith gave directions not to answer during the course of Dr. Streitman's deposition. The questions were relevant and did not call for privileged responses. Copies of the relevant pages of the transcript are annexed as Exhibit F.

    Finally, Mr. Liotti also gave directions not to answer during the course of his client's deposition based, as far as I can tell, on the same grounds with respect to the alleged confidential nature of the charges despite the fact that at the beginning of the deposition he voluntarily produced a copy of the Settlement and Side Agreements. Copies of the relevant pages of the transcript are annexed as Exhibit G.

    The documents that continue to be with held are highly relevant to the questioning of both Dr. Streitman and Mr. Casey insofar as I understand that the documents include not only the charges but the memorializations of statements made by Mr. Casey to Dr. Streitman. My examination of both witnesses were impeded by not only the improper conduct of counsel in directing the witnesses not to answer but in failing to produce documents that should have been produced months ago and certainly after this Court's Order of October 16th. Therefore, I seek an Order that the documents be produced within 48 hours of this Court's Order and that both witnesses be produced for continued deposition in my office and that defendants bear the cost of the transcripts and for such other relief as this Court deems just and proper.

    Respectfully submitted,

    LAUREL R. KRETZING (LK 8812)

LRK/jlr
Enclosures
cc:   Arthur J. Smith, Esq.
       Thomas F. Liotti, Esq.
       **By Hand**

LRK/D350117v1/F037879