UNITED STATES District COURT
EASTERN District OF NEW YORK
-----------------------------------------------------------X
KARA TESORIERO, et al.,

                       Plaintiff(s),        **ORDER**
                                                   CV 02-4348 (DRH) (WDW)

-against-

SYOSSET CENTRAL SCHOOL DISTRICT,
and THOMAS CASEY,

                       Defendant(s).
-----------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is plaintiffs' letter application dated December 19, 2003, seeking an order compelling: (1) the production of documents in the possession of the defendant School District relating to the District's investigation of charges of misconduct by defendant Thomas Casey; (2) documents demanded from Casey in a November 14th document demand; (3) the continued depositions of Casey and Dr. Jeffrey Streitman; and (4) payment by the District for the cost of the transcripts of the continued depositions. The motion is granted on the terms set forth herein.

## BACKGROUND

      By order dated October 16, 2003, the undersigned granted the plaintiffs' motion to compel the production of documents "in connection with sexual harassment claim(s), sexual discrimination claim(s) and disciplinary action against Casey from the time of his employment with the School District to present." The plaintiffs report that the District subsequently produced some but not all of the documents in their possession responsive to that order. Plaintiffs allege that the District has withheld "documents evidencing the disciplinary action, the charges and the investigation leading up to the charges which the School District pr[o]ferred against Casey as a result of the conduct alleged in the complaint." See 12/19 Kretzing Letter at 1. In support of this

allegation, the plaintiffs reference the 30 (b)(6) deposition of Dr. Jeffrey Streitman, the District's Deputy Superintendent in charge of teacher discipline, who investigated defendant Casey in proceedings pursuant to New York Education Law § 3020-a that led to formal charges against Casey. At his deposition, Dr. Streitman acknowledged that he has a file on Casey's disciplinary matters that has not been produced. The District's attorney, Mr. Smith, directed Dr. Streitman not to answer further questions about his investigation, based on the "confidentiality" privilege. *See* 12/19 Kretzing Letter, Ex. F., pp. 44-57. In his opposition to the motion, Mr. Smith argues that the documents are protected from disclosure by New York state court interpretations of Education Law § 3020-a. *See* 12/24/03 Smith Letter.

Plaintiffs' First Request for Documents to Casey, dated November 14, 2003, sought numerous documents, which the plaintiffs claim have not been produced. Indeed, Casey has apparently never served a response to the Demand. In his untimely letter in opposition dated January 6, 2004[1], Casey's counsel, Mr. Liotti states, in regard to the unanswered document request, that "the plaintiffs are unnecessarily seeking duplicative information since the voluminous telephone records of Mr. Casey have been subpoenaed from Verizon, his carrier, and have been delivered to the plaintiffs." 1/6/04 Liotti Letter at 2-3. He also states that Mr. Casey had no cell phone at the relevant time and that wireless records thus do not exist. *Id.* at 3. He does not address the many other documents that were not produced or the reason why no response has yet been served.

---

[1] Defendant Casey is reminded that responses to letter motions are due in three days. Future untimely responses will not be considered by the court. *See* E.D.N.Y. Local Rule 37(3)(c).

2

## DISCUSSION

**The District's Investigation File on Thomas Casey:**

In its opposition to the production of the investigation file, the District argues that New York Education Law § 3020-a "is a statutory provision setting up a formula by which formal charges can be laid against a tenured teacher," and that the District filed charges against Casey that resulted in a stipulation of settlement. That stipulation has been produced, but the District maintains that its § 3020-a file on Casey is confidential and protected from disclosure by New York law. The District argues that state law governs this issue, pursuant to Federal Rule of Evidence 501, which provides in part that "in civil actions or proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness [or] person shall be determined in accordance with State law." *See* 12/24 Smith Letter at 2. The District does not, however, explain how this language is applicable here, where the gravamen of the complaint is a Title IX claim based on federal law, and no defense based on state law has been identified. Even if the court were to stretch the application of Rule 501 beyond its logical boundaries to apply New York Education Law § 3020-a jurisprudence to this dispute, the District's argument would fail.

In support of its § 3020-a confidentiality argument, the District relies on *LaRocca v. Board of Educ. of Jericho Free Sch. Dist.*, 220 A.D.2d 424 (N.Y. App. Div. 2d Dep't 1995); *DeMichele v. Greenburg Central Sch. Dist.*, 167 F.3d 784 (2d Cir. 1999); & *Elentuck v. Green*, 202 A.D.2d 425 (N.Y. App. Div. 2d Dep't 1994). Those cases all involve the interpretation of New York's Freedom of Information Law ("FOIL") employment records exception in a section 3020-a context, but do not support a finding that the Casey documents are protected from disclosure under the circumstances of this case.

3

The District specifically cites *LaRocca* for the proposition that an agreement settling § 3020-a charges can be disclosed, but the remainder of the file, including unproven charges, is confidential. Although the *LaRocca* court did order the production of a settlement agreement from a § 3020-a proceeding, but not the production of other documents in the § 3020-a file in that case, this court finds no support for the District's claim regarding protection of the remainder of the Casey file based on *LaRocca*. The holding in *LaRocca* is that a § 3020-a settlement agreement is not part of an "employment history" as defined by FOIL, and that release of portions of the agreement containing references to charges that were denied or not admitted or that contain the names of teachers would constitute an invasion of privacy as defined by Public Officers Law § 87(2). *See* 220 A.D.2d at 427. This court is hard pressed to see how this holding translates into a blanket prohibition against disclosure of any part of a § 3020-a file other than a redacted settlement agreement[2] in this federal lawsuit where there is no FOIL request, but a document demand pursuant to the Federal Rules.

Under the Federal Rules, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," including evidence that may not be admissible at trial if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Although the District suggests that some privilege based on "confidentiality" operates here to preclude disclosure of the file, the undersigned does not agree.

---

[2] Nor is this court convinced that the documents would be protected even if only state law applied. Of interest in this regard is the dissenting opinion in *LaRocca*, in which Justice O'Brien noted that "Education Law §3020-a evinces a legislative intent to preserve confidentiality only while a disciplinary proceeding is pending, and, once a final determination is reached, to maintain confidentiality only as to those charges of which the educator has been acquitted.... Education Law §3020-a, however, does not include any provision with respect to the confidentiality of the final disposition of charges when there has not been an acquittal (citation omitted)." 220 A.D.2d at 430 (O'Brien, J., dissenting).

4

Nor has the District set forth any other ground that would warrant a protective order regarding the documents. Thus, the District is ordered to produce the responsive documents in the file on or before **January 20, 2004.** Needless to say, the documents will be covered by the Confidentiality Stipulation and Order.

Further, both Mr. Casey and Dr. Streitman shall appear for continued depositions so that they can answer questions about the information in the documents to be produced. Those continued depositions shall be held on or before **February 2, 2004.** Because the court finds by a narrow margin that the defendants' attorneys' directions not to answer questions about the §3020-a file were arguably based on a good faith belief that the documents in question were in fact privileged, the court declines to grant the costs of the continued depositions.

The court notes, in contrast, that the transcript of Mr. Casey's deposition is replete with directions not to answer questions and that such directions are not in any way supported by the Federal Rules. For example, counsel directed Casey not to answer questions based on objections to form, a time-wasting and inappropriate tactic. *See* 12/19/04 Kretzing Letter, Ex. F., Casey Dep. Tr. at 9:17-19 & 93:25 - 94:1-4. Even more significantly, Casey was directed not to answer the simple question whether his psychotherapist had given him a diagnosis, on the basis that he wasn't a doctor and couldn't "paraphrase what a doctor or psychotherapist may be opining about his condition." *Id.* at 103:20-25 - 102:1. The basis for the direction was groundless, and the court will not countenance such evasiveness.

The Federal Rules make clear that the grounds for directing a witness not to answer are quite limited: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). Rule 30(d)(4) may be invoked when "the examination is being

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
824 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK 11722-4450
(631) 712-5720
Fax: (631) 712-5725

CHAMBERS OF
**WILLIAM D. WALL**
U.S. MAGISTRATE JUDGE

TELEFAX COVER PAGE

PLEASE DELIVER THE FOLLOWING TO:

NAME: _Laurel Kretzing_
FAX#: _(516) 393-8282_
TELEPHONE #: ___

NAME: _Thomas Liotti_
FAX#: _(516) 794-2816_
TELEPHONE #: ___

NAME: _Arthur Smith_
FAX#: _(516) 992-7488_
TELEPHONE #: ___

FROM: ___
DATE: ___
TOTAL NUMBER OF PAGES (INCLUDING COVER SHEET) ___
DESCRIPTION/MESSAGE:

___
___
___
___
___

PLEASE CALL IMMEDIATELY IF THE COPY YOU RECEIVE IS INCOMPLETE OR ILLEGIBLE