UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KARA TESORIERO and KRISTA TESORIERO,

                Plaintiffs,

  -against-

                                            Civil Case No.02-cv-4348
SYOSSET CENTRAL SCHOOL DISTRICT          (DRH/WDW)
and THOMAS CASEY,

                Defendants.
------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT SYOSSET CENTRAL SCHOOL DISTRICT'S OBJECTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE §72 (a)**

JASPAN SCHLESINGER HOFFMAN LLP
300 Garden City Plaza

Garden City, New York 11530
(516) 746-8000

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in opposition to defendant Syosset Central School District's (the "School District") objections pursuant to Fed R. Civ. P §72 (a) to the February 19, 2004 Order of Magistrate Judge William D. Wall ( the "February Order").  The February Order directed the production of documents and awarded sanctions in the form of costs and attorneys fees incurred in connection with the making of the underlying motion to compel pursuant to Fed R. Civ. P §37.  The Court is respectfully referred to the declaration of Laurel R. Kretzing and the exhibits thereto for a summary of the discovery in this matter that resulted in the need for four separate applications to the Magistrate Judge, three of which are directly relevant to the issue before this Court.

**STATEMENT OF FACTS**

The facts relevant to this motion are set forth in the complaint and accompanying declaration of Laurel R. Kretzing, to which the Court is respectfully referred.  The facts are briefly recounted here for the convenience of the Court.

Plaintiffs are two sisters, former students of Syosset Central School District.  While students in Defendant Thomas Casey's 11th grade history class, plaintiffs were subjected to sexual harassment including inappropriate remarks, attention, gift giving and touching.  Casey cultivated a romantic-emotional attachment through extended daily personal conversations. The parents, recognizing the inappropriateness of Casey's conduct, complained first to Dr. Linda Fazio, School Psychologist, who did nothing except refer plaintiffs to Dr. Donna Perlow, one of the therapists whose records defendants seek.  Dr. Fazio failed to take any action to stop Casey from engaging in said conduct.  Plaintiffs' father then complained to Casey

directly, at Dr. Fazio's suggestion. Casey promised to stop the special attention to the girls. Thereafter, and despite his promise, Casey's inappropriate conduct escalated. Plaintiffs' parents complained to the School Principal, Dr. Jorge Schneider, who was also the Title IX officer for the entire School District. Dr. Schneider gave Casey a mild counseling which was not even placed in his personnel file. Unfazed, Casey still continued to cultivate his romantic-emotional relationship with his student. For example, Casey gave Kara Tesoriero, while she was a student in his 11th grade class, a letter that can only be described as a love letter. In a desperate attempt to get help, this letter was given by Kara to Michael Dolley, her science teacher. Mr. Dolley recognized immediately that such a letter was not an appropriate teacher-student communication and reported it, along with his own observation of Kara and Casey's interactions to the assistant principal who in turn reported it to Dr. Schneider. Dr. Schneider and the School District again did nothing of substance despite actual knowledge of Casey's conduct. During the course of the summer following plaintiffs' 11th grade school year, Casey engaged Kara nearly daily in highly personal telephone conversations during the middle of the night.

After the parents confronted the School District with phone bills bearing Casey's telephone number and a romantic message from Casey on the voice mail of Kara's cell phone Casey was finally removed from the classroom. However, by that time, the damage was done.

## STANDARD OF REVIEW

The Federal Magistrate's Act, 28 U.S.C. §§ 631-639 and Federal Rule of Civil Procedure 72 provide the standard under which a district court should review a magistrate judge's order. With respect to non-dispositive matters, including pretrial discovery matters, a district judge "shall modify or set aside

3

any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. §636 (b)(1)(A).

A party seeking to overturn a ruling under the clearly erroneous standard bears a heavy burden. See Com-Tech Assocs v. Computer Assocs, Int'l, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), *aff'd* 938 F.2d. 1574 (2d. Cir. 1991). The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and form conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525 (1948). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. Tribune Co. v. Purcigliotti, No. 93 Civ. 7222, 1998 U.S. Dist. LEXIS 5155, *12 (Apr. 14. 1998 S.D.N.Y.).  Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion. See Sheikhan v. Lenox Hill Hospital, No. 98 Civ. 6468, 1999 U.S. Dist LEXIS 8770 (Jun. 11, 1999 S.D.N.Y.).

## ARGUMENT

The School District has not met its burden under Fed. R. Civ. P. 72(a) in seeking to overturn Magistrate Judge Wall's decision dated February 19, 2004. The decision was neither clearly erroneous or contrary to law.

## POINT I

**MAGISTRATE JUDGE WALL'S DECISION WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW BY HOLDING THAT THE SCHOOL DISTRICT WAIVED ANY PRIVILEGE IT MAY HAVE HAD**

Magistrate Judge Wall was correct in determining that "the District had waived any claim of privilege as to the 3020-a documents by its failure to timely assert that privilege in this litigation." The School District waived any claim of privilege by their conduct in this litigation. Both F.R.C.P. 26(b)(5) and Local Rule 26.2 require that a privilege log be produced to support a claim of privilege. To withhold materials without notice may involve a waiver of the privilege. See Strougo v. Bea Assos., 199 F.R.D. 515 (S.D.N.Y.2001), Sheikhan v. Lenox Hill Hospital, No. 98 Civ. 6498, 1999 U.S. Dist LEXIS 8770 (Jun. 11, 1999 S.D.N.Y). Failure to provide your adversary with a copy of the privilege also constitutes grounds for the imposition of sanctions. See e.g. Sheikhan, 1999 U.S. Dist LEXIS at * 7 (stating that the Court would not second guess the sanction imposed by the Magistrate Judge for failure to provide a privilege log and the decision was not clearly erroneous nor contrary law). Magistrate Judge Wall was correct in holding that the privilege was untimely and imposing sanctions on the School District.

Although waiver may be a serious sanction for such violation, the importance "should not be diminished by skirting their application when the results are harsh to a party." Hurst v. F.W. Woolworth Co., No. 95 Civ. 6584, 1997 U.S. Dist. LEXIS 1407, *16 (Feb. 11, 1997 S.D.N.Y.) (citation omitted). In addition, the District's belated production of a privilege log, more than three months after the Plaintiffs have sought such documents, should not operate as a cure to the waiver of such documents. See Sheikhan, 1999 U.S. Dist LEXIS at *10 (holding that the defendant's belated production of a privilege log did not cure the waiver of the privilege); See also Allstate Life Ins. Co. v. First Trust Nat'l Assoc., No. 92 Civ. 4865, 1993 U.S. Dist. LEXIS 5461, *8 (Apr. 27, 1993 S.D.N.Y.)(holding that having waived the documents' immunity by failing to produce a privilege log, the party asserting the privilege cannot now resurrect its privilege status by simply complying with the rules). In this case, the School District's hide and

5

seek approach to discovery has caused plaintiffs' undue expense and prejudice. Plaintiff has had to discover the very existence of documents through alternative means and then make multiple motions to the Court to compel disclosure which should have been provided or at least withheld in accordance with the rules of the Court.

In <u>Sheikhan v. Lenox Hill Hospital</u>, No. 98 Civ. 6498, 1999 U.S. Dist LEXIS 8770 (Jun. 11, 1999 S.D.N.Y), the issue before the District Judge was not whether the privilege asserted by the defendant was valid, but whether the discovery procedures governed by the Federal Rules were violated. The Magistrate Judge did not conclude that the asserted privilege was invalid, but rather the Judge held that the purported privilege was waived due to the failure to comply with the Federal Rules and the Court's local rules. <u>See id.</u> at *10. Similarly, in this case, Magistrate Judge Wall did not determine whether attorney-client or work product privileges attach to the documents, "because even assuming that they once did, they have been waived." That decision was neither clearly erroneous or contrary to law.

The School District argues that Magistrate Judge Wall was incorrect when his Honor indicated that as of the October 16, 2003 Order ("October Order"), any service of a privilege log is a "nullity" and that the Court did not know of any privilege logs, despite the fact the School District and plaintiff references it in their papers. In the October Order, Magistrate Judge Wall specifically provided that "no privilege has been asserted or logged, and any unasserted privilege is waived." The School District did not file any objection or appeal from that Order. On October 31, 2003, the School District produced a privilege log (containing only two documents) for the first time, apparently disregarding that the October Order already held that any privilege was waived. By letter motion dated December 19, 2003, Plaintiff moved to compel the production of documents responsive to the October Order and on January 14, 2004, Magistrate Judge

Wall issued the January Order directing to the School District and Casey to produce the documents in compliance with the October Order. On January 22, 2004, Plaintiff received Casey's discovery responses which included a list of documents that the School District included on a privilege log prepared in the context of the 3020-a case against Casey. These documents were never disclosed by the School District insofar as they were never listed on the privilege log belatedly served by the School District after the October Order. Magistrate Judge Wall did not abuse his discretion by finding that the School District failed to timely identify any privileged documents responsive to Plaintiff's discovery demand in a privilege log as required by the Local and Federal rules.

The School District also argues that Magistrate Judge Wall ruling that the School District hid the documents from Plaintiff's counsel to be in error. They argue that the 3020-a file was known to plaintiff's counsel before counsel for the School District was aware of the documents, and as soon as they became aware of the existence of the documents, they proceeded with good faith litigation over whether the documents should be produced. Counsel should not be allowed to use their lack of knowledge of the documents to prevent the Court from finding a waiver of any privilege has occurred.

Federal Rule of Civil Procedure 11 establishes a "a means by which litigant certify to the court, by signature, that any papers filed are well founded." <u>Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. 02 Civ. 2561, 2003 U.S. Dist. LEXIS 16908 (Sept. 26, 2003 S.D.N.Y). Rule 11 provides *inter alia*:

> By presenting to court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney...is certifying that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances,-**

> (3) the allegation and other factual contentions have evidentiary support or, ...are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11. (emphasis added).

It is no excuse that counsel claims they did not know the documents existed. They were under a duty to investigate the facts and circumstances surrounding the claim asserted against their client. Plaintiff's discovery demand specifically sought information relating to disciplinary action taken against Casey, who had previously been suspended as a result of the actions alleged in the Complaint. It does take a specialist in Labor Law or Education Law to realize that public school teacher cannot be suspended without a single document generated. Pursuant to Rule 11, before representing to the Court and to plaintiff's counsel that the documents did not exist or that they had no knowledge of them, all that was necessary was a reasonable investigation to determine whether any relevant documents actually existed.

The School District also argues that Magistrate Judge Wall did not understand the nature of the documents to be produced and that they are not crucial to the plaintiff. As discussed in Point III *infra,* these documents are crucial and necessary for Plaintiff to obtain.

## POINT II

## THE SCHOOL DISTRICT WAIVED THE ATTORNEY-CLIENT PRIVILEGE

Assuming that the Court determines that Magistrate Judge Wall's decision that the School District waived any privilege is found to be clearly erroneous and contrary to law, the documents requested are not subject to the attorney-client privilege. The privilege log finally provided by the School District, more than six months and two Orders from the Court compelling its production, lists all of the documents as privileged

work product. The School District now asserts for the first time that the documents are protected as attorney-client communications.

However, by failing to assert the attorney-client privilege in the first place, it has been waived. Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that a party asserting a privilege or protection to "make a claim expressly and ...describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Further, the Advisory Committee Notes to the 1993 Amendments of Rule 26 state that a party's failure to notify the other parties that is withholding documents because an assertion of a privilege or work product protection "may be viewed as a waiver of the privilege or protection." See In Re Honeywell Int'l Sec. Litig., No. M8-85, 2003 U.S. Dist. LEXIS 20602, *12 (Nov. 18, 2003 S.D.N.Y.) (recognizing that Courts have held that a party waives work product protection if it asserts a different privilege in the privilege log). Local Rule 26.2 also requires a party to identify the nature of the privilege which is being raised. The Second Circuit has noted its preference that parties "raise all of their objections at once, so that discovery does not become a 'game.'" In re D.G. Acquisition Corp. 151 F.3d. 75, 81 (2d. Cir. 1998). In failing to raise the attorney client privilege in the privilege log, the School District has waived it and cannot raise it now.

## POINT III

### THE DOCUMENTS ARE NOT ENTITLED TO WORK-PRODUCT IMMUNITY

Since the School District initially asserted protection pursuant to the work-product doctrine before Magistrate Judge Wall, it is under this doctrine which the documents should be analyzed. The School District never before asserted that the documents were privileged attorney/client communications. Work

product immunity does not shield all materials prepared by a lawyer. See Weil Ceramic & Glass, Inc. v. Work, 110 F.R.D. 500, 504-505 (E.D.N.Y. 1986). "It applies only to documents such as memoranda, preliminary drafts of documents, recorded mental impressions, opinions, or conclusions of an attorney that were prepared with an eye towards litigation." Id. at 505. Work product protection is not available for documents "that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." United States v. Adlman, 134 F.3d. 1194, 1202 (2d Cir. 1998). Nor does work product apply to materials assembled pursuant to public requirements unrelated to litigation or for other non litigation purposes. See Weil Ceramic & Glass, Inc., 110 F.R.D. at 504-505.

The School District must demonstrate that the document was prepared "in anticipation of litigation." Hickman v. Taylor, 329 U.S. 225, 237-38, 95 S.Ct. 2160 (1975). A document is prepared in anticipation of litigation when "in light of the nature of the document and the factual situation in the particular case, [i]t can fairly be said to have been prepared or obtained *because of* the prospect of litigation." United States v. Adlman, 134 F.3d. at 1202(emphasis added)(citations omitted). The fact that litigation is pending at the time the documents are prepared, does not support conclusory allegations that the information would not have been prepared in a similar manner but for the litigation. See Nat'l Congress for Puerto Rican Rights v. The City of New York, 194 F.R.D. 105, 109 (S.D.N.Y. 2000);see also Pascutti v. New York Yankees, No. 98 Civ. 8186, 1999 U.S. Dist. LEXIS 16747, *10 (Oct. 29, 1999 S.D.N.Y.) (holding that certain documents containing an evaluation were not work-product because the evaluation would have been conducted regardless of the threatened litigation).

In the instant action, the interviews of the witnesses were clearly taken, at least in part, as part of an investigation to determine whether Casey had engaged in any misconduct and to prepare the filing of

10

the 3020-a charges. On January 11, 2002, the witnesses provided factual information related to Casey's misconduct. Charges were filed on January 14, 2002. The fact that the investigation was conducted by an attorney does not change the fact that it was conducted for the school's administrative purpose, i.e., the discipline of a teacher. See Civil Service Employees v. Ontario County Health Facility, 103 A.D. 2d 1000, 478 N.Y.S. 2d 380 ( 4th Dept. 1984).

Documents which contain purely factual information is afforded only minimal protection. See Nat'l Congress for Puerto Rican Rights, 194 F.R.D. at 109-110. The minimal protection may be overcome if plaintiff has a "substantial need" for the material and cannot otherwise obtain it "without undue hardship." See id. at 110. A substantial need for work product materials exist where the information sought is essential to the party's claim, is "crucial to the determination of whether the defendant could be held liable for the acts alleged or carries great probative value on the contested issues. Id. (citations omitted); see also Tribune Co v. Purcugliotti, No. 93 Civ. 7222, 1998 U.S. Dist. LEXIS 5155, *20 (Apr. 14, 1998 S.D.N.Y.); see also Carroll v. Bayerische Landesbank, BLB Capital LLC, No. 99 CIV. 2892, 2000 U.S. Dist. LEXIS 16515 *4 (Nov. 14, 2000 S.D.N.Y)(compelling the production of recorded conversations taped by the plaintiff during her investigation of her own sexual harassment claims). The Court in Carroll reasoned that the tapes may contain statements by witnesses that were inconsistent with their deposition testimony or they might reflect statements that were inconsistent with her current position in the case and therefore the defendants showed a substantial need for the information and were unable to obtain its substantial equivalent. See id. In this case, the Documents are needed for the same reasons. Plaintiffs are entitled to know if the School Districts' witnesses' deposition testimony is consistent with their statements recorded over two years ago, a time when the memories of the witnesses were undoubtedly much fresher.

## CONCLUSION

**MAGISTRATE JUDGE WALL'S DECISION DATED FEBRUARY 19, 2004 SHOULD BE UPHELD BECAUSE IT WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

Dated: Garden City, New York
       March 10, 2004

                                        JASPAN SCHLESINGER HOFFMAN LLP
                                        Attorneys for Plaintiffs


By:    <u>s/Amy J. Weisinger</u>
        LAUREL R. KRETZING (LK8812)
        AMY J. WEISINGER (AW6712)
        300 Garden City Plaza
        Garden City, New York 11530
        (516) 746-8000