UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
KARA TESORIERO and KRISTA
TESORIERO,                                              DEFENDANT THOMAS CASEY'S
                                                        NOTICE OF MOTION FOR
              Plaintiffs,                   SUMMARY JUDGMENT

      -against-                                    Case No. CV 02 4348 (DH)(WW)

SYOSSET CENTRAL SCHOOL
DISTRICT and THOMAS CASEY,

              Defendants.
--------------------------------------------------------X

<u>PLEASE TAKE NOTICE</u>

      1.     Defendant Thomas Casey will move this Court on November 15, 2004 at the courthouse, 100 Federal Plaza, Central Islip, New York 11722-4438 before United States District Court Judge Denis R. Hurley.

      2.     The motion is for an order pursuant to Federal Rules of Civil Procedure, Rule 56 granting defendant Thomas Casey summary judgment dismissing each and every claim set forth in the complaint against the said defendant on the grounds that there are no real or genuine material issues of fact requiring a trial and that the court should, as a matter of law, dismiss all of the claims asserted in the complaint against the said defendant.

      3.     The affirmation of Thomas F. Liotti, Esq. dated September 29, 2004 together with all of the exhibits annexed thereto and Thomas Casey's supporting memorandum of law will be submitted to the Court on the return date of the motion or any adjourned date thereof.

<u>PLEASE TAKE FURTHER NOTICE</u>

4.      Pursuant to the Order of Hon. Denis R. Hurley dated August 12, 2004 plaintiffs' opposition shall be served on or before November 1, 2004.

DATED:    Garden City, New York
                September 29, 2004

                                                                                                               _____
THOMAS F. LIOTTI (TL 4471)
LAW OFFICES OF THOMAS F. LIOTTI
Attorneys for Defendant, Casey
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700

TO:    LAUREL R. KRETZING, ESQ.
        JASPAN, SCHLESINGER, HOFFMAN, LLP
        Attorneys for Plaintiffs
        300 Garden City Plaza
        Garden City, New York 11530

        ROBERT H. COHEN, ESQ.
        LAMB & BARNOSKY, LLP
        Attorneys for Defendant, Syosset School District
        534 Broadhollow Road
        Suite 210 CS 9034
        Melville, New York 11747-9034

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KARA TESORIERO and KRISTA
TESORIERO,                                    AFFIRMATION IN SUPPORT
                                                    OF CASEY'S MOTION FOR
                  Plaintiffs,                 SUMMARY JUDGMENT

       -against-                              Case No. CV 02 4348 (DH)(WW)

SYOSSET CENTRAL SCHOOL
DISTRICT and THOMAS CASEY,

                  Defendants.
-----------------------------------------------------------X
```

THOMAS F. LIOTTI, an attorney duly admitted to practice law before the Courts of the State of New York affirms the following under the penalties of perjury:

1. I am the attorney for the defendant Thomas Casey ("Casey") and as such I am personally and fully familiar with all of the facts hereinafter set forth based on the grounds that I have handled this action since its inception and conducted all of the appropriate depositions with respect to discovery as well as my review of the file in my office.

2. I submit this affirmation in support of Casey's motion for summary judgment pursuant to *Fed.R.Civ.P.* Rule 56 dismissing all of the claims asserted against and that specifically relate to Casey, and for such other and further relief as to the Court may seem just and proper.

3. It should initially be stressed that the plaintiffs commenced this action by the filing and service of a complaint, a copy of which is annexed as Exhibit "A". Insofar as the plaintiffs' complaint is concerned, it appears that the only claims directed against Casey are those relating to a claim under Title IX (the first claim) and for the alleged intentional infliction

1

of emotional harm (the fourth claim). Casey appeared in the action by the service of an answer, a copy of which is annexed as Exhibit "B". Thereafter discovery was commenced and completed.

4. As is set forth in Casey's memorandum of law, the Title IX claim cannot, as a matter of law, be sustained against Casey since a claim alleging a violation of Title IX cannot be maintained against an individual who is not the recipient of federal funding. Moreover, the Courts have uniformly held that only institutions receiving federal money can be held liable in appropriate circumstances and individuals have no exposure or liability under a Title IX claim. Inasmuch as Casey was an employee of the Syosset Central School District at the time that the alleged claims arose, he is not considered to have received federal funding and is thus immune from liability under the statutory scheme embraced by Title IX.

5. With respect to the fourth cause of action alleging the intentional infliction of emotional harm, the law is exceedingly clear that the plaintiffs' burden is exceptionally high and rigorous. For the plaintiffs to prevail, they must clearly demonstrate, which they cannot, that Casey's conduct was (i) extreme and outrageous; (ii) intended to cause severe emotional distress; (iii) that there is a causal connection between the conduct and any alleged injury; and (iv) that the plaintiffs suffered severe emotional distress. The cases also instruct that the first element, extreme and outrageous conduct serves the dual purpose of filtering out petty or trivial complaints that do not belong in the federal court and insuring that plaintiffs' claims of severe emotional distress is genuine.

6. In interpreting the first element of "extreme and outrageous conduct", the Courts have followed a bright line rule set forth by the New York Court of Appeals. In that case, set forth in Casey's memorandum of law, the Court looked to determine if the conduct was so

outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and, notably, to be regarded as atrocious and utterly intolerable in a civilized society. In fact, all four elements must be met by a plaintiff asserting a cause of action for the intentional infliction of emotional harm. It is respectfully submitted that the plaintiffs cannot meet their initial threshold burden of demonstrating "extreme and outrageous conduct". Equally important is the fact that the plaintiffs cannot show any intent to cause emotional distress and as is set forth in Casey's expert report by the world renowned psychologist, Dr. Leah Blumberg Lapidus, a copy of which is annexed as Exhibit "C", the plaintiffs have not suffered any real or identifiable emotional distress and there is no causal connection between the alleged conduct and whatever it is that the plaintiffs are alleging. Lastly the plaintiffs cannot in any way show any intent by Casey to inflict severe emotional harm on the plaintiffs. Along this line, the testimonial evidence demonstrates that Casey was acting as a mentor and was trying to help the plaintiffs with their problems in the classroom and on the athletic field. As the report and conclusion of Casey's expert opines, the plaintiffs have not suffered any injury whatsoever and are not subject to severe emotional distress.

    7.      With respect to the claim for the intentional infliction of emotional harm the testimony of plaintiff Kara Tesoriero is particularly illuminating. Her deposition was conducted on July 23 and July 25, 2004. Relevant portions of her deposition reveal that in response to questions directed at the alleged intentional infliction of emotional harm her responses were nothing more than general descriptions of what she categorizes as inappropriate attention without any meaningful details relating thereto. By way of example, Kara Tesoriero testified at her deposition on page 28, lines 2-24, a copy of which is annexed as Exhibit "D" that the "contact" was just a touch; that she did not pull away; and, notably, the touching did not make her feel

uncomfortable.  At page 53, lines 18-24, a copy of which is annexed as Exhibit "E" she testified that Casey did not touch her in a sexual way at any time during that school year.  At page 54, lines 8-20 she stated that Casey never asked her out outside of school or made any sexual comments to her during that school year.  Assuming the truth of all of these allegations in the plaintiffs' complaint and giving the plaintiffs the most favorable inferences to be drawn, it is respectfully submitted that the alleged conduct does not in any manner rise to such extreme or outrageous conduct that is atrocious and which cannot be accepted in a civilized society.

8. Particularly informative is the expert opinion rendered by Dr. Leah Blumberg Lapidus dated July 15, 2004.  Her psychological conclusion is that there is no evidence in any of the test data to support the allegations that Casey acted inappropriately in any manner.  Both of the plaintiffs presented themselves to Dr. Lapidus as generally well functioning healthy young adults who are able to react realistically to the issues in their college lives.  In fact, both of the plaintiffs indicated appreciation for Casey's sensitive and caring interactions with them as a mentor and both plaintiffs did not demonstrate any malice or negative feelings toward Casey.  It was Dr. Lapidus' professional opinion to a reasonable degree of psychiatric/psychological certainty that the plaintiffs were conflicted by their parent's pursuit of the action and the harm that it has caused to Casey.  Both plaintiffs reported to Dr. Lapidus that they have not been harmed by Casey regardless of what the parents have coached them to report.  Annexed as Exhibit "F" is a copy of Dr. Lapidus' *curriculum vitae*.

9. The alleged second cause of action based on Executive Law §296 *et. seq.*, the Human Rights Law of the State of New York, does not seek a recovery against Casey and is aimed directly at defendant Syosset Central School District.  Similarly the third cause of action alleging negligent hiring and retention does not seek to recover any damages against Casey.

When pared of all the excess verbiage, there are two claims asserted in the complaint against Casey; one under Title IX and the other for the alleged intentional infliction of emotional harm. As is outlined in Casey's memorandum of law, neither claim can be sustained and there are no genuine or triable issues of fact that mandate a trial of this action against Casey.

10. It is respectfully submitted that by virtue of all of the above relief sought be granted in all respects and the claims against Casey be dismissed with prejudice and Casey have such other and further relief as to the Court may seem just and proper.

DATED:   Garden City, New York
         September 29, 2004

                                            _____
                                            THOMAS F. LIOTTI (TL 4471)