UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KARA TESORIERO and KRISTA
TESORIERO,

                Plaintiffs,

  -against-                                      Case No. CV 02 4348 (DH)(WW)

SYOSSET CENTRAL SCHOOL
DISTRICT and THOMAS CASEY,

                Defendants.
---------------------------------------------------------X

**DEFENDANT THOMAS CASEY'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR SUMMARY
<u>JUDGMENT DISMISSING ALL CLAIMS ASSERTED AGAINST HIM</u>**

                                                                                                 Law Offices of Thomas F. Liotti
                                                                                                 Attorneys for Defendant, Casey
                                                                                                 600 Old Country Road, Suite 530
                                                                                                 Garden City, New York 11530
                                                                                                  (516) 794-4700

**Preliminary Statement**

Defendant Thomas Casey ("Casey") submits this memorandum of law in support of his application for an order pursuant to *Fed.R.Civ.P.* Rule 56 granting him summary judgment dismissing the First and Fourth Claims set forth in the plaintiffs' complaint.  This relief is sought and is based on the grounds that as a matter of law this Court can determine that the claim under Title IX and the Education Amendments of 1972, 20 *U.S.C.* §1681 *et. seq.* does not apply to individuals and is aimed at addressing violations by the recipients of federal funding.  That claim must be dismissed as a matter of law.  The Fourth claim alleging the intentional infliction of emotional harm does not rise to and cannot meet the rigorous standard enunciated by the New York Court of Appeals and the plaintiffs have failed to demonstrate through discovery or other evidence that each and every one of the four elements to sustain such a cause of action can be met as a matter of law or fact.  Indeed the preliminary and threshold standard of factually demonstrating by admissible evidence that Casey's alleged conduct was so extreme and outrageous that it was intolerable and atrocious in a civilized society has neither been pled nor demonstrated.  As is set forth in this memorandum of law there are no real or genuine issues of material fact mandating a trial by jury and this court should exercise its jurisdiction and determine as a matter of law that the claims asserted against Casey should be dismissed in all respects.

## POINT I

## THE SUMMARY JUDGMENT STANDARD

In *United National Ins. Co. v. The Tunnel, Inc.*, 988 F.2d 351 (2d Cir. 1993) the Court held:

> On a motion for summary judgment the court must pierce through the pleadings and their adroit craftsmanship to get at the substance of the claim.

Further, the Court ruled:

> Summary judgment is a tool to winnow out from the trial calendar those cases whose facts predestine them to result in a directed verdict . . . even giving the non-moving party every edge, the question remains: can a reasonable jury on the facts presented find in his favor? If not, the hallowed cry, 'I am entitled to get to a jury,' must be rejected

Similarly, the Court in *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975) noted that the Rule 56 summary judgment procedure enables the court "to determine whether the 'curtain should rise at all. (citation of authority). Although for a period of time this Circuit was reluctant to approve summary judgment in any but the most extraordinary circumstances . . . that trend has long since been jettisoned in favor of an approach more in keeping with the spirit of Rule 56 . . ."

The Court further opined that the "'fundamental maxim' remains that on a motion for summary judgment the court cannot try issues of fact; it can only determine whether there are issues to be tried".

It is well settled that on a motion for summary judgment, all ambiguities must be resolved

in favor of the non-moving party and all reasonable inferences should be drawn in favor of the party against whom summary judgment is sought.  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  "This rule is clearly appropriate, given the nature of summary judgment.  This procedural weapon is a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to a jury."  In this case there are no real or genuine factual issues to be determined.  The Title IX claim is an issue of law and it is beyond peradventure that it does not require a jury determination.  Similarly the burden is on the plaintiffs to meet the four essential elements and standard to prevail in an action seeking to recover for the intentional infliction of emotional harm.

In *Empire Electronics Co., Inc. v. United States*, 311 F.2d 175 (2d Cir. 1962) the Court noted that:

> the procedural device of summary judgment is one of the keystones of modern federal practice.  It facilitates the prompt disposition of actions in which there are no genuine issues as to any material fact.
>
> 'It is intended to prevent vexation and delay, improve the machinery of justice, promote the expeditious disposition of cases, and avoid unnecessary trials where no genuine issues of fact are raised.  The procedure enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried.  Its purpose is also to separate the formal from the substantial issues, <u>eliminate improper issues</u>, determine what, if any, issues of fact are present for the jury to determine, and enable the court to give judgment on the issues of law where no disputed issues of fact are found'.  (citation of authority) (underline added)

It is respectfully submitted based on the aforesaid standard governing motions for summary judgment that there are no real or genuine material issues of fact that should be referred

3

to a jury. The issues confronting this court are ones that can be determined as a matter of law. Clearly as is set forth in Point III the Title IX claims cannot be successfully prosecuted against an individual. Likewise, the fourth claim seeking to impose liability based on the alleged intentional infliction of emotional harm cannot pass the initial litmus test of conduct that is so outrageous or atrocious in a civilized society. Thus the claims against Casey should be dismissed as a matter of law and Casey should have such other and further relief as to the Court may seem just and proper.

## POINT II

### THE HIGH AND RIGOROUS STANDARD
### OF INTENTIONAL INFLICTION OF EMOTIONAL HARM

In *Howell v. New York Post Company, Inc.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) the Court specifically laid down a bright line rule with respect to the tort of intentional infliction of emotional harm. The Court held:

> The tort has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) causal connection between the conduct and injury; and (iv) severe emotional distress. The first element - - outrageous conduct - - serves the dual function of filtering out petty and trivial complaints that do not belong in court, and assuring that plaintiff's claim of severe emotional distress is genuine (citation of authority). In practice, courts have tended to focus on the outrageousness element, the one most susceptible to determination as a matter of law (citation of supporting authority omitted).

The Court noted, with reference to Prosser and Keeton on Torts that the "'requirements of the rule are rigorous, and difficult to satisfy' (authority)".

To impose liability and to meet the appropriate standard, the Court held that:

> 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and

4

> utterly intolerable in a civilized society (citation of supporting authority omitted)'.

Here, the most that the plaintiffs can point to to sustain liability revolves around telephone calls and the acknowledgment of birthdays in class during class time and a few cards of encouragement at a time when the plaintiffs were questioning their athletic and scholarship abilities. The plaintiffs' proof does not rise to outrageous or extreme in degree conduct and does not go beyond all possible bounds of decency and certainly cannot be regarded as *atrocious* and *utterly intolerable* in our society (emphasis added).

In *Stuto v. Fleishman*, 146 F.3d 820 (2d Cir. 1999) the Court discussed the claim for intentional infliction of emotional distress and followed the elements embraced by *Howell v. New York Post Company, Inc.*, *supra*. The Court adopted the standard embraced by the Court of Appeals and the four necessary elements and also discussed the imposition of liability upon a clear finding that the conduct was outrageous and extreme in degree and went beyond all bounds of decency and was atrocious and utterly intolerable in a civilized society. The Court also referred to the Restatement (2nd) of Torts and notably held that:

> [i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.

The Court emphasized that whether the conduct alleged was so extreme and outrageous as to permit recovery is a matter for the Court to determine in the first instance. The Court also noted that based on New York law, the plaintiffs have a very high burden to meet the "stringent" New York standard as enunciated by *Howell v. New York Post Company, Inc. supra* and other controlling New York authority.

5

In *Persaud v. S. Axelrod Company*, 1996 W.L. 11197 (S.D.N.Y. 1996) the plaintiff alleged that for a period of two years inappropriate comments were made about her physical appearance and one of the defendants on numerous occasions touched her hair and clothes and grabbed her waist. It was further alleged that other employees in the defendant company had made remarks about her appearance and implied that she and the offending individual defendant were involved in a sexual relationship. A motion to dismiss the fifth cause of action for intentional infliction of extreme emotional distress was granted. The Court based its determination on *Howell v. New York Post Company, Inc.* and set forth that the burden is on the plaintiffs, to survive a motion to dismiss, to satisfy the rule set forth in the Restatement (2nd) of Torts and as adopted by the New York Court of Appeals in *Murphy v. American Home Products Corporation*, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) upon which the *Howell v. New York Post Company, Inc.* case was predicated. The Court found that the plaintiffs allegations did not rise to the level that that defendant engaged in conduct that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency to intentionally inflict severe emotional distress.

In *Nunez v. A-T Financial Information, Inc.*, 957 F.Supp. 438 (S.D.N.Y. 1997) the Court discussed the conduct in question with respect to the issue of intentional infliction of emotional distress. The Court dismissed the plaintiff's complaint in its entirety and reached the conclusion that the actions of the defendant did not rise to the level of extreme and outrageous conduct. The Court discussed cases involving alleged sexual misconduct or the calling of a single Jewish female in a department "hebe" or "kike". The Court, based on those cases which held that the language or the acts were mere insults, indignities and annoyances but did not constitute extreme or outrageous conduct the Court determined that although the conduct might constitute improper

behavior, it was not sufficiently outrageous to meet the strict and rigorous standing and dismissed the case.

In *Leibowitz v. Bank Leone Trust Co.*, 152 A.D.2d 169, 548 N.Y.S.2d 513 (2d Dept. 1989) the plaintiff was the only Jewish female in her department and was often the subject of derogatory remarks. She was often called "Hebe" or a "Kike". The Appellate Division expressed its indignation over those ethnic and religious slurs but nevertheless held that the conduct complained of must consist of more than "mere insults, indignities and annoyances". The Court dismissed the action finding that the threshold as above cited was not met and a dismissal was mandated as a matter of law.

Moreover, the Court in *Roach v. Stern*, 252 A.D.2d 488, 675 N.Y.S.2d 133 (2nd Dept. 1998) noted that the element of outrageous conduct is "'rigorous and difficult to satisfy', and its purpose is to filter out trivial complaints and assure that the claim of severe emotional distress is genuine (*Howell v NY Post Co., supra* at 122, quoting Prosser and Keeton, *Torts* §12, at 60-61 [5th ed.]). <u>The Court may determine, as a matter of law, that the alleged behavior is not sufficiently outrageous to warrant the imposition of liability</u> (authority)." (emphasis added) See also, *Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996) where the Court noted in its decision that New York had set a high threshold for conduct that is allegedly extreme and outrageous and that the New York Court of Appeals had not yet sustained a claim for such damages.

## POINT III

### AN ALLEGED TITLE IX VIOLATION CANNOT BE MAINTAINED AGAINST AN INDIVIDUAL

The Supreme Court of the United States in *Davis v. Monroe County Bd. of Education*, 526 U.S.629, 119 S.Ct. 1661 (1999) made it clear that only a recipient of federal funds may be liable in damages under Title IX for its own misconduct. Admittedly, Casey is not a recipient of federal funds. He is simply a teacher employed by the Syosset Central School District.

In *Niles v. Nelson*, 72 F.Supp.2d 13 (N.D.N.Y. 1999) the Court directly addressed the issue of whether an individual defendant may be held liable under Title IX. The Court declined to extend any liability to an individual holding that:

> Indeed, such a holding seems consistent with the Supreme Court's statement in *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 . . . 119 S.Ct. 1661, 1670, 143 L.Ed.2d 839 (1999) that 'we have not extended damages liability under Title IX to parties outside of the scope of [the government's enforcement] power. The government's enforcement power under Title IX primarily consists of withholding federal funds from the recipient, which is the School District, not, for example, an individual teacher or School Board member . . . <u>accordingly, the Court adopts the reasoning in the above-cited cases and finds that a Title IX claim may not be brought against an individual</u>. The Title IX claims against the individual Defendants, therefore, are dismissed. (underline added)

The Court further held in the action involving the claim that a teacher in the school district allegedly made inappropriate sexual comments and joined with other male students in improper conduct addressed to the plaintiff, a female that:

> Although the Second Circuit does not address this issue, all other circuit courts and district courts have addressed the issue (including district courts within the Second Circuit) have found that individuals may not be liable under Title IX (internal citations of supporting authority omitted).

8

In *Hayut v. State University of New York*, 352 F.3d 733 (2d Cir. 2003), a case in which a female student sued the State University and the State University system, a professor, a department chair and college dean and associate dean for violations, among other items, of Title IX and the New York State Human Rights Law, New York Executive Law §296, the Court affirmed the District Court's granting of summary judgment on all the claims raised on appeal including the dismissal of the Title IX claims against the School District. See also, *Hayut v. State University of New York*, 127 F.Supp.2d 333 (N.D.N.Y. 2000) where the court first determined that as a matter of law the Title IX claims against the individual defendants could not stand and dismissed the complaint against the individual defendants.

Recent decisional law mandates that the Title IX claim be dismissed against Casey. In a trio of cases the Courts in the Southern District have dismissed Title IX claims against the individual teacher defendants. See, *Gonzales v. Esparza*, 2003 WL 2183 4970 (S.D.N.Y.); *Kraft v. Yeshiva University*, 2001 WL 1191003 (S.D.N.Y.); *Manfredi v. Mount Vernon Board of Education*, 94 F.Supp.2d 447 (S.D.N.Y. 2000). The Title IX claim should be dismissed as a matter of law.

**Conclusion**

It is respectfully submitted that by virtue of all of the above, the motion by Casey for summary judgment dismissing all of the claims asserted against him be granted in all respects and that Casey have such other and further relief as to the Court may seem just and proper.

DATED:   Garden City, New York
         September 29, 2004

_____
THOMAS F. LIOTTI (TL 4471)
LAW OFFICES OF THOMAS F. LIOTTI
Attorneys for Defendant, Casey
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700